IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JAMES HENRY PATTERSON III :
325 Hillside Terrace
Hyattsville, Maryland 20785 :

                                                        Case No.:

Plaintiff, :
                                     :    JURY DEMAND
v.
                                     :

DISTRICT OF COLUMBIA
GOVERNMENT
a municipal corporation :
Office of Corporation Counsel
441 4th Street, N.W. :
Washington, DC 20001
                                     :

John Doe DC Correctional Officer #1
and John Doe DC Correctional Officer #2 ,
individually, :
and in their official capacity as
441 4th Street, N.W. :
Washington, DC 20001 :

                                     :

                                     :

Defendants.
_____:

## COMPLAINT

1.     COMES NOW the Plaintiff, James Henry Patterson III, by and through his counsel, Law Office of Jimmy Bell, L.L.C., a professional corporation, and Jimmy A. Bell, Esquire, and respectfully presents this Complaint against the Defendants, the District of Columbia Government, a municipal corporation, John Doe DC Correctional Officer #1, and Defendant John Doe DC Correctional Officer #2 individually and in their official capacity as DC Correctional Officers for the District of Columbia, to enforce his

1

rights under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, and various common law torts, including, false imprisonment, assault, battery, and negligence.

## JURISDICTION

2. Jurisdiction of this court is based upon 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

## VENUE

3. Venue is proper in the District of Columbia as the Defendant operates a licensed business in the District of Columbia and the acts complained of occurred within the said jurisdiction.

## STATEMENT OF FACTS

4. During all times mentioned in this Complaint, Plaintiff Patterson was and still is, a citizen of the United States, and he resided, and now resides in the State of Maryland. Plaintiff is a member of a protected class because of his source of income (plumber apprentice). Plaintiff suffered discrimination as he was treated differently by Defendants than individuals outside of his protected class. As a result of Defendants' actions Plaintiff was denied the ability to participate fully in the economic, cultural and intellectual life of the District of Columbia and to have an equal opportunity to participate in all aspects of life and denied the ability to enjoy equal treatment by the District of Columbia employees.

5. At all times mentioned here, Defendant, the District of Columbia Government, was a municipal corporation, charged with overseeing DC Correctional Officers; Defendants John Doe DC Correctional Officer# 1 and Defendant John Doe DC Correctional Officer #2 , were employed as DC Correctional Officers.

6. At all times material to this Complaint, Defendants John Doe DC Correctional Officer#1 and Defendant John Doe DC Correctional Officer #2 were employed as a correctional officers for the District of Columbia Government and was acting under the color of their official capacity and his acts were performed under color of the statutes and ordinances of the District of Columbia.

7. Defendants John Doe DC Correctional Officer#1 and Defendant John Doe DC Correctional Officer# 2 were the servants, agents, and employees of their codefendant, the District of Columbia, so that their acts are imputed to the District of Columbia.

8. Defendants John Doe DC Correctional Officer #1 and Defendant John Doe DC Correctional Officer #2 , upon information and belief, is employed by Defendant, District of Columbia.

9. At all times mentioned here Defendant, District of Columbia was a municipal corporation, and was the employer of Defendants John Doe DC Correctional Officer #1 and John Doe DC Correctional Officer #2 .

10. The District of Columbia provided Defendants John Doe DC Correctional Officer #1 and Defendant John Doe DC Correctional Officer #2 with official badges and identification care which designated and described its bearers as correctional officers of the District of Columbia. The District of Columbia is the municipal corporation in whose name Defendants John Doe DC Correctional  Officer # 1 and Defendant John Doe DC Correctional Officer # 2 performed all acts and omissions alleged here.

11. During all times mentioned herein, Defendants John Doe DC Correctional Officer #1 and Defendant John Doe DC Correctional Officer #2 acted under color and pretense of law, to wit, under color of the statues, ordinance, regulations, customs and usages of the District of Columbia.

12. Defendants engaged in illegal conduct here mentioned to the injury of Plaintiff and deprived Plaintiff of the rights, privileges, and immunities secured to Plaintiff by the the Constitution of the United States and laws of the United States.

13. On Wednesday, June 19, 2013, between 12:30 p.m. and 1:00 p.m., Plaintiff James Henry Patterson III was meeting his girlfriend, Dyneka Miller at her job at the D.C. Shelter to switch cars and parking spaces. Plaintiff was driving her Chevy Malibu. Plaintiff picked her up at the entrance and drove to where his car was parked. Plaintiff dropped her off at his car (green Dodge Magnum) and proceeded down the hill and made a u-turn coming back up and passing her as she pulled out of the parking space to go and u-turn as he did. When Plaintiff began backing into the space Ms. Miller had vacated, a white van came speeding down the street and partially blocked that parking space.

14. The van was between the driver's door and parking spot so Plaintiff rolled down the window and informed the driver (John Doe DC Correctional Officer #1) that he was trying to park.

15. Defendant John Doe DC Correctional Officer #1 reply was, "what?", as if he could not hear Plaintiff.

16. Plaintiff cracked open the car door to step out of the car, and spoke louder, "I'm trying to park there."

17. The Defendant replied, "I'm trying to go down the damn street." Then Dyneka yelled, B.J. just pull up and let him pass.

18. Plaintiff shut the door not realizing that he had dropped his license and ATM Visa card on the ground.

19. After pulling up Plaintiff noticed in his rearview mirror that the blue pick-up truck that was in front of Dyneka had pulled onto the grass and the driver, Defendant John Doe DC Correctional Officer 2 had exited and is now conversing with Defendant John Doe DC Correctional Officer #1, the driver of the white van who is still in his vehicle.

20. Plaintiff observed Defendant John Doe DC Correctional Officer #2 bend down and pick up two cards off the ground and jump back into the truck. It is at the time, Plaintiff realized that it was his license and Visa card that he previously had in my possession.

21. Plaintiff exited his vehicle and walked over to the blue truck stating that those items where his. Defendant John Doe DC Correctional Officer #2 reply was a smirk and laugh.

22. As Plaintiff got to the window of the blue truck, the Defendant John Doe DC Correctional Officer #2 retrieved Plaintiff's items from his shirt pocket and handed it to him.

23. As Plaintiff proceeded to put the items in his pocket, he was suddenly, without warning, struck from behind in the head and face by Defendant John Doe DC Correctional Officer #1.  He then placed Plaintiff in a choke-hold.

24. At this time, Defendant John Doe DC Correctional Officer #2 exited his vehicle and grabbed both Plaintiff's forearms from the front.

25. Dyneka ran up screaming, "get off of him."  The Defendant John Doe DC Correctional Officer #2 released Plaintiff's arms, pushed her back, and yelled at her to get back.

26.  During this time, Plaintiff flipped the driver of the white van that had me in a choke-hold onto the ground.

27.  Plaintiff then took his hand that was holding his license, Visa card, and work knife out of his pocket and handed the items to Dyneka.

28. The Defendant John Doe DC Correctional Officer #2 then turned around from Dyneka and punched Plaintiff in the face and mouth.

29. Before Plaintiff could react, he was pushed off the back of the Defendant John Doe DC Correctional Officer #1.

30. Plaintiff got off the ground to find a lady between him and the Defendant's pulling him away and breaking up the attack.

31. The Defendant John Doe DC Correctional Officer #1 then swung at Plaintiff, striking the lady in the head before being restrained by a man in a white-shirt and blue pant uniform.

32. At that time, the D.C. Police arrived to stop the assault on Plaintiff.  It was two officers in white shirts, with one gold bar on the top of the shoulder, and black

pants.  One officer stayed with Defendant John Doe DC Correctional Officer #1, and the other officer, corralled four to five officers onto the grass.

33. Several people noticed Plaintiffs injuries and the ambulance was called.

34. Plaintiff was in the ambulance being treated when a D.C. Officer, Ms. Brown, came to get his statement, while several D.C. Officers waited out by the door. Plaintiff was not allowed to speak to anyone at this time.

35. Plaintiff was asked by the paramedics if he wanted to be transported to the hospital.  He refused because he had a person ready to transport me.

36. As Plaintiff exited the ambulance, he was met by several Officers who placed him in handcuffs for investigative detention.

37. Plaintiffs observed several correctional officers huddled in the grass discussing what had happened.  They commented that now they are trying to turn it around that we assaulted him, while pointing at Plaintiff glaring.

38. Several officers walked past Plaintiff within two to three feet and glared and laughed at him.  This continued for approximately 30 to 40 minutes until Plaintiff was released out of handcuffs.

39. Plaintiff was told the investigation will continue and he will be told when, and if, he will be charged.

40. Plaintiff was then driven to the hospital in a private vehicle to have his injuries treated. Plaintiff has never charged with a crime for this incident to this very day, June 18, 2014.

41. The two Defendants that attacked Plaintiff were wearing SWAT style uniforms, dark-blue or black (top and pants) and black work boots.

42. The person that put the cuffs on Plaintiff was shorter than the other officers (approx. 5'7" or 5'8") and was wearing a light blue shirt with 3 gold stripes on the sleeve and dark blue pants.

43. The other officer was around 6'2" and was wearing the same style uniform with the same number of stripes on the sleeve.

44. The police officers conduct were committed by person acting under color of state law which deprived Plaintiff of his rights, privileges and immunities secured by the Constitution of the united States. The deliberate actions of the police are attributed to the District of Columbia as its customs and practices are the moving force behind Plaintiff's deprivation of federal rights. Plaintiff has complied with the notice requirement.

COUNT I
ASSAULT
(Defendants John Doe DC Correctional Officer #1
and John Doe DC Correctional Officer #2
in individual and official capacity)

45. Plaintiff re-pleads and re-alleges paragraphs 1 through 44, with the same force and effect as if set forth separately at length herein.

46. Defendant John Doe DC Correctional Officer #1 actions of striking Plaintiff from behind in the head and face as well as placing Plaintiff in a choke-hold put Plaintiff in reasonable apprehension of imminent bodily injury and was undertaken deliberately and with actual malice. These actions were taken while he was wearing his correctional officer uniform and badge.

47. Defendant John Doe DC Correctional Officer #2 actions of grabbing the arms of the Plaintiff and punching him in the face and the mouth put Plaintiff in

reasonable apprehension of imminent bodily injury and was undertaken deliberately and with actual malice. These actions were taken while he was wearing his correctional officer uniform and badge.

48. As a result of Defendants' conduct, Plaintiff suffered substantial damages, including, but not limited to, extreme pain, suffering, mental anguish, and humiliation.

COUNT II
BATTERY
(Defendants John Doe DC Correctional Officer #1
and John Doe DC Correctional Officer #2
in individual and official capacity)

49. Plaintiff re-pleads and re-alleges paragraphs 1 through 48, with the same force and effect as if set forth separately at length herein.

50. Defendant John Doe DC Correctional Officer #1 actions of striking Plaintiff from behind in the head and face as well as placing Plaintiff in a choke-hold constituted an intentional touching (or the setting in motion of an event which resulted in an offensive, non-consensual touching) of Plaintiff by Defendant was undertaken deliberately and with actual malice.

51. Defendant John Doe DC Correctional Officer #2 actions of grabbing the arms of the Plaintiff and punching him in the face and the mouth constituted an intentional touching (or the setting in motion of an event which resulted in an offensive, non-consensual touching) of Plaintiff by Defendant was undertaken deliberately and with actual malice.

52. As a result of Defendants' conduct, Plaintiff suffered substantial damages, including, but not limited to, extreme pain, suffering, mental anguish, and humiliation.

COUNT III
DENIAL OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(All Defendants)

53. Plaintiff re-pleads and re-alleges paragraphs 1 through 52, with the same force and effect as if set forth separately at length herein.

54. Defendants deprived Plaintiff of his civil rights and utilized excessive force against Plaintiff. Said deprivation was the result of Defendant's custom and/or policy, which was the moving force behind said deprivation.

55. A reasonable correctional officer in Defendants' position could not have believed Defendants' actions to be justified.

56. Defendants acted under the color of the law and acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his civil rights.

57. In refusing to take action against John Doe DC Correctional Officer #1 and John Doe DC Correctional Officer #2 and treating Plaintiff as if he had broken the law, Defendants caused Plaintiff to be denied his rights secured by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code Section 1983. Defendant's employees engaged in a conspiracy to cover up their illegal actions against Plaintiff as part of a custom or practice.

58. A reasonable inference can be drawn that Defendants' actions were unreasonable; and that their refusal to take action was deliberate and part of a custom or practice.

59. Defendants John Doe DC Correctional Officer #1 and John Doe DC Correctional Officer #2 were the servants, agents, and employees of their codefendant, the District of Columbia, so that his acts are imputed to the District of Columbia.

COUNT IV
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Defendant John Doe DC Correctional Officer #1, in individual and official capacity)

60. Plaintiff re-pleads and re-alleges paragraphs 1 through 59, with the same force and effect as if set forth separately at length herein.

61. Defendant John Doe DC Correctional Officer #1 actions of striking Plaintiff from behind in the head and face as well as placing Plaintiff in a choke-hold constituted an intentional touching (or the setting in motion of an event which resulted in an offensive, non-consensual touching) of Plaintiff by Defendant was undertaken deliberately and with actual malice.

62. Defendant John Doe DC Correctional Officer #2 actions of grabbing the arms of the Plaintiff and punching him in the face and the mouth constituted an intentional touching (or the setting in motion of an event which resulted in an offensive, non-consensual touching) of Plaintiff by Defendant was undertaken deliberately and with actual malice.

63. Defendants engaged in extreme and outrageous conduct that intentionally or recklessly caused Plaintiff severe emotional distress.

64. As a result of Defendants' conduct, Plaintiff suffered substantial damages, including, but not limited to, extreme pain, suffering, mental anguish, and humiliation.

COUNT V
ASSAULT
(Defendant John Doe DC Correctional Officer #1, in individual and official capacity)

65. Plaintiff re-pleads and re-alleges paragraphs 1 through 64, with the same force and effect as if set forth separately at length herein.

66. Defendants John Doe DC Correctional Officer #1 had already struck Plaintiff in the head and face as well as put Plaintiff in choke hold, other police officers on the seen had put on notice about the Defendant's assault on Plaintiff and Plaintiff's fear that Defendant would assault him. Defendants John Doe DC Correctional Officer #1 was allowed by the officers on the seen to swing at the Plaintiff which put Plaintiff in reasonable apprehension of imminent bodily injury and was undertaken deliberately and with actual malice by Defendant Moore.

67. As a result of Defendants' conduct, Plaintiff suffered substantial damages, including, but not limited to, extreme pain, suffering, mental anguish, and humiliation.

COUNT VI
DENIAL OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(All Defendants)

68. Plaintiff re-pleads and re-alleges paragraphs 1 through 67, with the same force and effect as if set forth separately at length herein.

69. Defendants custom and/or policy caused the deprivation of Plaintiff's civil rights and Defendants' utilized excessive force against Plaintiff. Defendants John Doe DC Correctional Officer #1 and John Doe DC Correctional Officer #2 were wearing correctional uniforms and badges and had already struck and choked Plaintiff, police officers on the seen had put on notice about the Defendant's assault on Plaintiff and Plaintiff's fear that Defendant would assault him. Defendants John Doe DC Correctional Officer #1 was again allowed by the officers on the seen to swing at Plaintiff which put Plaintiff in reasonable apprehension of imminent bodily injury and was undertaken deliberately and with actual malice by Defendant Defendants John Doe DC Correctional Officer #1.

70. A reasonable correctional officer in Defendants' position could not have believed their actions to be justified. Defendants' actions were motivated by the District of Columbia's custom and/or policy so that Defendant's policy was the moving force behind the violation of Plaintiff's rights. Defendants John Doe DC Correctional Officer #1 and John Doe DC Correctional Officer #2 actions were job related as actions occurred while they were wearing correctional uniforms.

71. Defendants acted under the color of law and acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his civil rights as part of a custom or practice to denial illegally assaulted and batter citizens their rights.

72. In refusing to take action against Defendants John Doe DC Correctional Officer #1 and John Doe DC Correctional Officer #2 and treating Plaintiff as if he had broken the law, Defendants caused Plaintiff to be denied his rights secured by the

provisions of the due process clause of the Fifth to the Constitution of the United States, and by Title 42 United States Code Section 1983.

73. A reasonable inference can be drawn that Defendants' actions were unreasonable; and that by allowing Defendants John Doe DC Correctional Officer #1 to assault Plaintiff a second time, Defendant acted in deliberate disregard of Plaintiff's rights.

74. Defendants John Doe DC Correctional Officer #1 was the servant, agent, and employee of her codefendant, the District of Columbia, so that his acts are imputed to the District of Columbia.

COUNT VII
NEGLIGENCE
(District of Columbia Government)

75. Plaintiff re-pleads and re-alleges paragraphs 1 through 74, with the same force and effect as if set forth separately at length herein.

76. Defendants had a duty to use reasonable care to ensure it's employees do not illegally assault and batter citizens. Defendants had a duty to use reasonable care to avoid allowing the second assault of Plaintiff to occur.

77. Defendant was put on notice as to the violent tendencies of Defendants John Doe DC Correctional Officer #1 when they witnessed the first assault on Plaintiff.

78. Defendant breached its duty of care to Plaintiff. Defendant failed to train the officers involved and failed to supervise them.

79. Defendant's breach was the proximate cause of the second assault on Plaintiff.

80. As a result of Defendant's breach, Plaintiff suffered harm in that Plaintiff was placed in imminent fear of bodily injury of a second assault, Plaintiff further suffered mental and emotional anguish, and humiliation.

COUNT VIII
False Imprisonment
(Defendants John Doe DC Correctional Officer #1
and John Doe DC Correctional Officer #2 in individual and official capacity)

81. Plaintiff re-pleads and re-alleges paragraphs 1 through 80 with the same force and effect as if fully set forth separately at length herein.

82. The actions of Defendants John Doe DC Correctional Officer #1 and John Doe DC Correctional Officer #2 blocked Plaintiff's path of movement and detained him against his will. Plaintiff was not free to leave during this time.

83. Defendants actions let Plaintiff know that he was not free to leave.

84. Defendants caused Plaintiff to be held and restrained against his will in physical and emotional pain.

85. Such actions by Defendants unlawfully deprived Plaintiff of his liberty. The actions of Defendants was done with actual malice.

86. As a result of the conduct and actions of Defendants, Plaintiff suffered the damage of being unlawfully deprived of her liberty and suffered and continues to suffer severe mental anguish.

87. By their behavior, Defendants actions demonstrated actual malice against Plaintiff. As a result of Defendants conduct and actions, Plaintiff has suffered and will continue to suffer physical injuries, medical bills and severe mental anguish and other related expenses.

RELIEF SOUGHT

88. Plaintiff re-pleads and re-alleges counts 1 through 87, with the same force and effect as if set forth separately at length herein.

89  Plaintiff requests the following relief:

90. Compensatory and punitive damages[1] in the amount of $1,000,000.00.

91. Pre and Post-judgment interest.

92. The costs of litigation, including reasonable attorney's fees and expert witness fees.

93.  Such other relief that may be just.

JURY DEMAND

94.  Plaintiff demands a trial by jury.

Respectfully submitted,

/s/
Jimmy A. Bell, Esq.
Law Office of Jimmy Bell, L.L.C.
P.O. Box 2239
Upper Marlboro, MD 20772
Tel.: (301) 661-1165
Fax: (301) 560-5267
Bar # MD 14639

---

[1] Punitive damages are only being claimed against Defendant John Doe DC Correctional Officer #1 and Defendant John Doe DC Correctional Officer #2 .